**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**GEORGE NAGUIB**,

*Petitioner*,

v. Case No. 2:26-cv-03236-BCL-atc

**CHRISTOPHER BULLOCK, et al.,**

*Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner George Naguib has filed a Petition for Writ of Habeas challenging his removal. Doc. 1 at 1. For the reasons that follow, the Petition is **DENIED**.

Petitioner is a citizen of Egypt who received a final order of removal to Uganda five months ago.[1] Doc. 7 at 2. Because Petitioner is the object of a final order of removal, he is subject to detention under 8 U.S.C. § 1231.[2] That provision directs the Attorney General to detain (and remove) the alien during a 90-day removal period, with both the removal period and the detention period subject to possible extension. § 1231(a). Or, in the alterative, the Attorney General may

---

[1] Because Petitioner is subject to a final order of removal, his challenge to detention pending removal proceedings is moot.

[2] Respondent invokes the doctrine of prudential exhaustion. However, he cites authorities allowing an administrative challenge—through Immigration Court and the Board of Immigration Appeals—to detention while removal proceedings are ongoing; he does not identify similar authorities applicable to detention pending removal (or, perhaps, he does not explain how his authorities apply in that context despite facially addressing detention pending removal proceedings). The Court notes that it is possible that aliens subject to final orders of removal may seek administrative release through the Immigration Court or BIA or through other channels, like the Department of Homeland Security or Immigration and Customs Enforcement. If they can, principles of prudential exhaustion may well apply. But Respondent has not made any such argument here, and so the Court simply notes the seeming inapplicability of Respondent's authority and otherwise leaves the issue for a case in which the argument is properly presented. If this or a related case returns to this Court, Respondent should present any such arguments at that time.

(subject to statutory terms) release the alien, subject to the terms of supervision in Section 1231(a)(3). Petitioner does not dispute any of this.

Petitioner does, however, claim removal to Uganda is not reasonably foreseeable. Petitioner's argument is premature. Petitioner has been detained only five months and, as Petitioner notes, "six months of post-order detention is presumptively reasonable." *Id.* at 2, 4. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, "the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez,* 543 U.S. 371, 377–378 (2005) (citing *Zadvydas,* 533 U.S. at 701). Because Petitioner has not yet crossed that six-month threshold, his detention remains permissible under both the statute and the potential constitutional rule discerned by the Supreme Court in interpreting the statute.

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED**, this 2nd day of October, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE